122 F.3d 1076
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alan VENET, Plaintiff-Appellant,
v.
JOSEPHINE COUNTY CIRCUIT COURT, Defendant-Appellee.
 No. 97-35002.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 4, 1997.
 
 Appeal from the United States District Court for the District of Oregon Michael R. Hogan, Chief Judge, Presiding
 Before SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Alan Venet appeals pro se the district court's dismissal of his action, styled as an action under the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. §§ 2000bb-2000bb-4, seeking a declaratory judgment stating that his state-court conviction was obtained in violation of his First Amendment rights and an order vacating his conviction. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Venet's contention that he is entitled to relief under the RFRA has been foreclosed by the Supreme Court's recent decision in City of Boerne v. P.F. Flores, 1997 WL 345322,
 
 
 4
 at * 16 (USSC June 25, 1997).
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Insofar as Venet contends that his First and Fourteenth Rights were violated and that his claim is actionable under 42 U.S.C. § 1983, we reject this contention. See Sperl v. Deukmejian, 642 F.2d 1337, 1154 (9th Cir.1981) ("Declaratory relief is not available in federal court to attack a state criminal conviction")